IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MESHA D. TAYLOR,

      Plaintiff,

v.                                       Case 2:17-cv-02386-JPM-cgc

WAL-MART,

      Defendant.

---

ORDER CORRECTING DOCKET

REPORT AND RECOMMENDATION ON
PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND COMPLAINT,
DEFENDANT'S MOTION TO DISMISS, AND
PLAINTIFF'S THIRD MOTION FOR LEAVE TO AMEND COMPLAINT

---

Before the Court are the following motions: Plaintiff's Second Motion for Leave to Amend Complaint (Docket Entry ("D.E." #29) ("Second Motion to Amend"); Defendant's Motion to Dismiss (D.E. #31 & #32); and, Plaintiff's Third Motion for Leave to Amend Complaint (D.E. #35) ("Third Motion to Amend").[1] The instant motions have been referred to the United States Magistrate Judge.[2] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Second

---

[1] Plaintiff's initial Motion to Amend was filed on December 11, 2017. The Court granted Plaintiff's Motion to Amend on March 2, 2018 based upon no opposition by Defendant and permitted her "up to and including March 9, 2018 in which to file her amended complaint." (D.E. #28). Plaintiff did not file an amended complaint within this time but instead filed her Second Motion to Amend three days later on March 12, 2018 and filed her Third Motion to Amend later that month on March 29, 2018.

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. §

1

Motion to Amend be DENIED, that Plaintiff's Third Motion to Amend be DENIED, and that Defendant's Motion to Dismiss be GRANTED.

**I. Introduction**

On June 5, 2017, Plaintiff Mesha D. Taylor filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging discrimination on the basis of race and sex as well as unlawful retaliation. (D.E. #1). Specifically, Plaintiff alleges that she was denied a promotion, that her co-workers failed to provide her with proper support with her duties, that she was "[p]ut under surveillance," that the company policies, such as the "open door policy," were unfair and unjust, and that she suffered slander, intimidation, and harassment. (Compl. ¶ 8). Plaintiff alleges that the discriminatory acts occurred in November 2015 and that the discriminatory practice continued from December 15, 2015 until June 23, 2016. (Compl. ¶ 5). Plaintiff filed charges with the Tennessee Human Rights Commission ("THRC") on December 15, 2015, which she later amended on January 14, 2016. (Compl. ¶ 6 & Exh. 1). Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 25A-2016-00158), and a right-to-sue letter was issued on March 3, 2017. (Compl. ¶ 6 & Exh. 2; Def's Mot. to Dismiss at Exh. A, filed at D.E. #32).

On March 12, 2018, Plaintiff filed her Second Motion to Amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (D.E. #29). Plaintiff's Second Motion to Amend seeks to add her husband, Michael Taylor, as a co-plaintiff and seeks to correct the name of Defendant to "Wal-Mart Store East, LP." (Compl. ¶ 1). Plaintiff additionally seeks to add further factual basis

---

636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

for her discrimination claims (Compl. ¶ 4), a claim of "whistleblowing retaliation" under the Occupational Safety Hazards Act ("OSHA") (Compl. ¶ 25), and additional damages for personal injury, "[f]right and shock," "[m]ental suffering," medical expenses, diminished capacity, and for Michael Taylor's "loss of society, service, and consortium" of his wife (*Id.*).

On March 21, 2018, Defendant filed its Motion to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. It stated that "Wal-Mart Stores East, LP," is the correct operating entity and correct defendant and requested, consistent with Plaintiff's Second Motion to Amend, that the pleadings be amended to reflect as such. Defendant further asserted that the Court should dismiss Plaintiff's lawsuit in its entirety because Plaintiff failed to timely bring her claims pursuant to 42 U.S.C. § 2000e-5(f)(1). Specifically, Defendants assert that Plaintiff's Complaint was not filed within ninety days after she received her EEOC right-to-sue letter. On March 22, 2018, Defendant responded to Plaintiff's Second Motion to Amend asserting that she did not comply with the Local Rules by failing to consult with Defendant prior to filing her motion and that her proposed amendments are also futile. (D.E. #33).

On March 29, 2018, Plaintiff filed her Third Motion to Amend Complaint. (D.E. #35). Although it is difficult to discern the specific amendments Plaintiff seeks to make to "clarify" her claims of unlawful discrimination, she states that she seeks to "omit[] the claim of personal injury" "remov[e] her husband" from the proposed amendments made in the Second Motion to Amend. (Pl.'s Third Mot. to Amend at 5). She also again seeks to "make sure the proper entity is sued" by naming Defendant as Wal-Mart Stores East, LC. (Pl.'s Third Mot. to Amend. at 5). Plaintiff also filed a "Response" to Defendant's Motion to Dismiss that contains the same verbatim arguments made in her Third Motion to Amend. (*See* D.E. #34 & D.E. #35 1-6).

3

On April 12, 2018, Defendant filed its Reply to Plaintiff's purported Response to its Motion to Dismiss. (D.E. #39). Defendant asserts that Plaintiff's filing did not contest the grounds it raised for dismissal—namely, that she did not timely file her Complaint. Thus, Defendant's argue that Plaintiff has waived the issue. Defendant also filed its Response in Opposition to Plaintiff's Third Motion to Amend, which asserts that she has still not complied with the Local Rules by failing to consult with Defendant prior to the filing of the motion and that the proposed amendments are futile. (D.E. #40).

**II. Proposed Analysis**

As a threshold matter, the parties agree that the proper defendant in the case is "Wal-Mart Stores East, LP." Thus, the Clerk of Court is directed to correct the docket to properly reflect Defendant's name.

Next, the Court will address Plaintiff's Second Motion to Amend and Third Motion to Amend in order to determine the operative pleading in the case. Both Plaintiff's Second Motion to Amend and Third Motion to Amend, which she filed pursuant to Rule 15 of the Federal Rules of Civil Procedure, were required to contain a certificate of consultation in accordance with Local Rule 7.2(a)(1)(B), which provides as follows:

> All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60, shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate may be deemed good grounds for denying the motion.

(Local Rule 7.2(a)(1)(B)). This Court routinely denies motions when *pro se* litigants fail to file the certificate of consultation. *See, e.g., Jason Sherwood v. Derrick Schofield*, No. 2:12-cv-02742-JDT-cgc, 2015 WL 1345241, at *2 (W.D. Tenn. Mar. 23, 2015); *Kevin Lee Carnett v. PNC Mortgage*,

4

No. 1:12-cv-01081-JDB-egb, 2013 WL 12147018, at *1-*2 (W.D. Tenn. Mar. 8, 2013); *Vernon Hayes Watson v. Piccadilly Restaurants, LLC*, No. 2:11-cv-02642-STA-cgc, 2012 WL 2681819, at *2 (W.D. Tenn. July 6, 2012); *Julia Greer v. Home Realty Co. of Memphis, Inc.*, No. 2:07-cv-02639-SHM-egb, at *1-*2 (W.D. Tenn. July 12, 2010).

Plaintiff's Second Motion to Amend did not contain a certificate of consultation. Plaintiff's Third Motion to Amend did contain a certificate of consultation that stated that she "conferred with Defendant's counsel" on March 2, 2018 and that "Defendant did not oppose the relief sought by Plaintiff through the instant motion"; however, Defendant states that Plaintiff did not consult with its counsel on March 2, 2018 or on any other occasion. It appears that the only plausible reason that Plaintiff referred to this date is because the Court entered a text entry on the docket on that date regarding another pending motion and stated that that motion was "unopposed" by Defendant. (D.E. #28). Even if this prompted Plaintiff's mistake, reliance upon Defendant's lack of opposition to another motion does not meet the requirements of Local Rule 7.2(a)(1)(B) that Plaintiff consult on that specific motion.

Defendant also states that Plaintiff sent its counsel an email on March 24, 2018, which it provided as Exhibit A to its Response to Plaintiff's Third Motion to Amend. (D.E. #40-1). Therein, Plaintiff acknowledges she made an error in her Second Motion to Amend, which she explained was due to "illness," and noted that she would be "sending in a copy of her medicine while asking the court to allow [her] to amend the complaint to correct it." (*Id*.) She stated that she hoped Defendant "will not oppose it," stated that it was "suppose[d] to be her amended complaint," and stated that she would be "addressing this to the court." (*Id*.) Defendant responded on March 27, 2018 that it would be "relying upon the pleadings [it had] filed in the case and the rules of the Court." (*Id*.)

5

Thus, while Plaintiff appropriately raises the topic of consultation in her March 24, 2018 e-mail, she does not clearly request to confer about a specific filing. Defendant's response further demonstrates that it did not construe her request to be a consultation about any specific motion to be filed, as it would not have had any reason to rely upon past filings if a new motion were to be filed. Further, Defendant's previous filings, including its Response to Plaintiff's Second Motion to Amend, demonstrate that it opposed the relief she sought. Thus, it is recommended that the March 24, 2018 e-mail and Defendant's March 27, 2018 response does not satisfy the consultation requirement of Local Rule 7.2(a)(1)(B). Accordingly, it is recommended that Plaintiff's Second Motion to Amend and Third Motion to Amend be DENIED for failure to consult with opposing counsel prior to the filing of the motion and provide a certificate evidencing as such pursuant to Local Rule 7.2(a)(1)(B).

As to Defendant's Motion to Dismiss, Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Title VII requires that a plaintiff file her claim within ninety days of receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *see also Tate v. Servs. Assocs., Inc.*, 75 Fed. Appx. 470, 471 (6th Cir. 2003). The ninety-day filing requirement "is **not** a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Truitt v. County of Wayne*, 148 F.3d 644, 646-647 (6th Cir. 1998) (emphasis in original).

A civil action commences for purposes of the ninety-day filing requirement by filing a complaint with the clerk of court and paying the filing fee. *Truitt*, 148 F.3d at 647. As such, a complaint is "'filed' only when [*in forma pauperis*] status is granted or the appropriate filing fee is paid, rather than the time a complaint is delivered to the clerk of court." *Id*. at 648. Thus, if a plaintiff fails to pay the filing fee or receive *in forma pauperis* status within ninety days of receipt

of a right-to-sue letter, then the complaint is untimely under 42 U.S.C. § 2000e-5(f)(1). The Sixth Circuit has also held that, when an *in forma pauperis* application is filed in lieu of the filing fee, the *in forma pauperis* application must be filed at the time of the Complaint for the date of its grant to relate back to the date of filing the Complaint. *See Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667 (6t Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902 (1992).

It is widely accepted that pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

This Court has also addressed the issue of the timeliness of filing either an *in forma pauperis* affidavit or paying the filing fee in a separate *pro se* case filed by this Plaintiff. In *Mesha D. Taylor v. Lauderdale County Sheriff's Department*, No. 2:17-cv-02303-JPM-cgc, the District Court adopted the Magistrate Judge's recommendation as to this issue and found "that she failed to file either the civil filing fee or an IFP application within the statute of limitations." (Order Adopting in Part Report and Recommendation and Order Granting Motion to Dismiss at 3-4).[3]

As to the timeliness of Plaintiff's filings here, Plaintiff alleges that she received the right-to-

---

[3] The District Court's Order was issued on March 23, 2018; thus, Plaintiff had not received it before the filing of her Complaint and request for *in forma pauperis* status in this case. Further, with respect to the remaining recommendations made by the Magistrate Judge in Plaintiff's other case, the Court concluded that it "need[] not determine whether the complaint itself was timely filed in order to reach this outcome." (Order Adopting in Part Report and Recommendation and Order Granting Motion to Dismiss at 4 n.2).

sue letter on March 3, 2017, which is the date it was stamped as having been mailed. (Compl. ¶ 7). Assuming this date were correct, Plaintiff would have had until June 1, 2018 to file the Complaint and either pay the filing fee or obtain *in forma pauperis* status. The Complaint was not filed until June 5, 2017, the Motion for Leave to Proceed *In Forma Pauperis* was not filed until June 7, 2017, and the Court did not grant Plaintiff *in forma pauperis* status until June 9, 2017. (D.E. #1, #6, #7). Thus, it is recommended that Plaintiff's Complaint was untimely filed based upon her alleged date of receipt of the right-to-sue letter.

Further, even if the Court were to ignore the date Plaintiff alleges that she received the right-to-sue letter on the same date as it was stamped as being mailed, which is viewing the facts more favorably than Plaintiff herself has even alleged, the United States Court of Appeals for the Sixth Circuit presumes that a plaintiff receives a right-to-sue letter five days after the EEOC's mailing date unless the plaintiff rebuts the presumption with proof that she did not receive notification within that period. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). Under this rule, Plaintiff would have had until June 6, 2017 to file the Complaint and either pay the filing fee or obtain *in forma pauperis* status. While Plaintiff did file the Complaint within that time, she did not either pay the filing fee or obtain *in forma pauperis* status within that time. (D.E. #6, #7). Thus, it is recommended that Plaintiff's Complaint was also untimely filed based upon the presumed receipt date.

This Court has previously made clear that the "ninety day period applies to all plaintiffs, even those proceeding *pro se*, and so much as one day's delay is fatal to the claim." *Simns v. Maxim Healthcare Servs., Inc.*, Nos. 1:11-cv-01052-JDB-egb, 1:12-cv-01016-JDB-egb, 1:12-cv-02026-JDB-egb, 2013 WL 435293, at *4 (W.D. Tenn. Feb. 4, 2013) (citing *Williams v. Sears, Roebuck &*

*Co.*, 143 F. Supp. 2d 941, 944-45 (W.D. Tenn. 2001)); *see also, Truitt*, 148 F.3d at 647 (quoting *Williams-Guice v. Bd. of Educ.*, 45 F.3d 161, 165 (7th Cir. 1995) (stating that "'even uncounseled litigants must act within the time provided by statutes and rules'"). Although the requirement is subject to waiver, estoppel and equitable tolling, none of these have been asserted here. Accordingly, it is recommended that Defendant's Motion to Dismiss be GRANTED for Plaintiff's failure to comply with 42 U.S.C. § 2000e-5(f)(1).

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Second Motion to Amend be DENIED, Plaintiff's Third Motion to Amend be DENIED, and Defendant's Motion to Dismiss be GRANTED.

**DATED** this 17th day of May, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**