IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MESHA TAYLOR,**

    **Plaintiff,**

v.                                                                                      Case 2:17-cv-02386

**WAL-MART STORE EAST, L.P.,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS**

---

Before the Court is Plaintiff Mesha Taylor's Motion to Toll Statute of Limitations. (Docket Entry ("D.E.") #49). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Toll Statute of Limitations be DENIED.

**I. Introduction**

On June 5, 2017, Plaintiff Mesha D. Taylor filed a *pro se* Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging discrimination on the basis of

---

[1] **Error! Main Document Only.** The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation. As the resolution of this motion determines Plaintiff's right to proceed with her case and also relates to the Magistrate Judge's previously issued Report and Recommendation on Defendant's Motion to Dismiss, Plaintiff's Second Motion to Amend, and Plaintiff's Third Motion to Amend, the Magistrate Judge concludes that it should be handled by means of a Report and Recommendation to the District Judge.

1

race and sex as well as unlawful retaliation. (D.E. #1). Specifically, Plaintiff alleges that she was denied a promotion, that her co-workers failed to provide her with proper support with her duties, that she was "[p]ut under surveillance," that the company policies, such as the "open door policy," were unfair and unjust, and that she suffered slander, intimidation, and harassment. (Compl. ¶ 8). Plaintiff alleges that the discriminatory acts occurred in November 2015 and that the discriminatory practice continued from December 15, 2015 until June 23, 2016. (Compl. ¶ 5). Plaintiff filed charges with the Tennessee Human Rights Commission ("THRC") on December 15, 2015, which she later amended on January 14, 2016. (Compl. ¶ 6 & Exh. 1). Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 25A-2016-00158), and a right-to-sue letter was issued on March 3, 2017. (Compl. ¶ 6 & Exh. 2; Def's Mot. to Dismiss at Exh. A, filed at D.E. #32).

On March 12, 2018, Plaintiff filed her Second Motion to Amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (D.E. #29). On March 21, 2018, Defendant filed its Motion to Dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (D.E. #31). On March 29, 2018, Plaintiff filed her Third Motion to Amend Complaint. (D.E. #35). Plaintiff also filed a "Response" to Defendant's Motion to Dismiss that contains the same verbatim arguments made in her Third Motion to Amend. (*See* D.E. #34 & D.E. #35 1-6). On May 17, 2018, the Magistrate Judge issued her Report and Recommendation on Plaintiff's Second Motion to Amend, Plaintiff's Third Motion to Amend, and Defendant's Motion to Dismiss. The Magistrate Judge recommended that Plaintiff's Second Motion to Amend should be denied, that Plaintiff's Third Motion to Dismiss should be denied, and that Defendant's Motion to Dismiss should be granted.

On June 15, 2018, Plaintiff filed the instant Motion to Toll Statute of Limitations. Therein, she effectively requests a mixture of reconsideration of the previously filed motions as well as a tolling of the statute of limitations. Specifically, Plaintiff alleges that she actually received her right-to-sue letter from the EEOC on March 8, 2017. Plaintiff further alleges that she had completed her *in forma pauperis* affidavit on June 5, 2017 when her Complaint was sent to the Court to be filed but "inadvertently forgot to put them in the same envelope. She argues that the right-to-sue letter did not advise that the *in forma pauperis* affidavit must be filed within ninety days, and she states that absent such a warning, she was justifiably ignorant of this requirement. Plaintiff further reasserts that pursuing this litigation has been difficult due to her health concerns, which include chronic depression, anxiety attacks, forgetfulness, confusion, and difficulty concentrating but that she has been doing so diligently with the assistance of her daughter.

On June 26, 2018, Defendant filed its Response to Plaintiff's Motion to Toll Statute of Limitations. Defendant argues that equitable tolling is not available because Plaintiff admits that she knew of the ninety-day statute of limitations and that her failure to meet the deadline was not due to circumstances beyond her control. Defendant states that Plaintiff has never asserted in any other previous filing, including her Amended Complaint, the extensive briefing on its Motion to Dismiss, her Second Motion to Amend, or her Third Motion to Amend, that she received the right-to-sue letter on March 8, 2017; regardless, Defendant asserts that she cannot amend her Complaint through briefing. Defendant argues that Plaintiff's illnesses do not warrant tolling. Defendant further argues that Plaintiff has again failed to comply with Local Rule 7.2(a)(1)(B) by not consulting with Defendant's counsel before filing the instant motion.

On July 12, 2018, Plaintiff filed a document entitled "Plaintiff's Response in Opposition to Defendant's Motion in Opposition to Toll Statute of Limitations." Therein, she reiterates the arguments contained in the instant motion, asserts that she did not have to comply with Local Rule 7.2(a)(1)(B) because she was not penalized for not doing so in another case she filed,[2] and appears to ask for reconsideration of the Magistrate Judge's May 17, 2018 Report and Recommendation, stating that it is "comprehensive but does not properly analyze the facts . . . [and] does not state that both the [*in forma pauperis* affidavit] and Complaint has to be filed together" within the ninety-day deadline. However, Plaintiff failed to comply with Local Rule 7.2(c) in filing this document, as reply memoranda "may be filed only upon court order granting a motion for leave to reply." Accordingly, the Magistrate Judge will not consider this filing in consideration of the instant motion.

**II.     Analysis**

First, Local Rule 7.2(a)(1)(B) provides that "[a]ll motions, including discovery motions . . . shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." Plaintiff's Motion to Toll Statute of Limitations does not contain the required certificate of consultation. Accordingly, it is RECOMMENDED that Plaintiff's failure to consult provides sufficient grounds to deny her Motion to Toll Statute of Limitations.

Plaintiff alleges for the first time in her Motion to Toll Statute of Limitations that she actually received her right-to-sue letter on March 8, 2017. First, it is recommended that the

---

[2] Plaintiff should be advised that, regardless of the Court's determination as to the appropriate resolution in any other case, she must comply with the Local Rules at all times.

allegation of a new, specific receipt date is not credible, contains no supporting evidence, and is entirely self-serving. Plaintiff's Complaint alleged that she received the right-to-sue letter on March 3, 2017. Plaintiff's First Motion to Amend alleged that she received her right-to-sue letter on March 3, 2017. Plaintiff's Second Motion to Amend alleged that she received her right-to-sue letter on March 3, 2017. Defendant's Motion to Dismiss raised the issue of the timeliness of Plaintiff's filing of her Complaint and Motion to Proceed *In Forma Pauperis*, relying upon Plaintiff's allegation that she received her right-to-sue letter on March 3, 2017. None of Plaintiff's briefing on Defendant's Motion to Dismiss alleged that she received her right-to-sue letter on another date. Even so, whether it had been contained in that briefing or, as is the case, in the instant motion, Plaintiff may not amend her Complaint through briefing. *Taylor v. Steicher*, 465 Fed. Appx. 414, 423 n.4 (6th Cir. 2012).[3]

Further, the federal courts bestow equitable tolling sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) (citations omitted). Equitable tolling is typically only available when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Graham-Humphreys*, 209 F.3d at 561; *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Johnson v. United States Postal Service*, 64 F.3d 233, 238 (6th Cir. 1995)

---

[3] Ironically, Defendant pointed out in its Motion to Dismiss that the right-to-sue letter is stamped as mailed on March 3, 2017, provided a clearer copy than Plaintiff provided showing the stamp date, and argued that, even if it had not been received until five days later as it is presumed to be within the Sixth Circuit, *see Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 557 (6th Cir. 2000), Plaintiff's Complaint and Motion to Proceed *In Forma Pauperis* were not timely filed. The Magistrate Judge addressed this in her May 17, 2018 Report and Recommendation and recommended that Plaintiff's Complaint was also untimely filed based upon the presumed receipt date because, as of June 6, 2017, she had not either paid the filing fee or obtained *in forma pauperis* status.

5

(concluding that petitioner's failure to satisfy a deadline due to "garden variety neglect" cannot be excused by equitable tolling). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561 (citing *Johnson v. United States Postal Service*, No. 86-2189, 1988 WL 122962, at *3). Here, Plaintiff has admitted that she was aware of the deadline, and the ability to mail the Complaint along with the Motion to Proceed *In Forma Pauperis* was within Plaintiff's control. Thus, the Court finds no basis for determining that this case presents anything other than the garden-variety neglect for which equitable tolling is not available.

Finally, the Sixth Circuit has identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and, (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Graham-Humphreys*, 209 F.3d at 561 (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Applying these factors, the Court notes again that Plaintiff admits that she had notice of the filing deadline. Thus, the first two factors weigh against her. Plaintiff also admits that she only had to include both documents in the same mailing to pursue her rights. She also admits that she did not diligently do so. Although there does not appear that there would be significant prejudice to Defendant to permit equitable tolling, that factor alone does not warrant tolling. *See Joyce G. Wilburn v. The Dial Corporation*, 724 F. Supp. 530, 533 (W.D. Tenn. Sept. 11, 1989) ("[A]lthough absence of prejudice to the defendant is one factor for consideration in determining whether to apply equitable tolling, this factor alone does not constitute an independent basis for

applying the doctrine."). Finally, as Plaintiff has admitted that she was aware of the filing deadline, the fifth factor does not apply as she was not ignorant of the legal requirements. While she argues that she was actually only ignorant of the requirement to include the Motion for Leave to Proceed *In Forma Pauperis* within ninety days because the right-to-sue letter did not apprise her of that additional information, even this assertion is disingenuous because this is not the first case in which Plaintiff has been ordered to do so. *See Mesha Taylor v. Lauderdale County Sheriff's Dept.*, No. 2:17-cv-02303-JPM-cgc, Order Directing Plaintiff to File a Properly Completed *In Forma Pauperis* Affidavit or Pay the Civil Filing Fee (filed on May 3, 2017 at D.E. #5). Thus, other than the lack of prejudice to Defendant, all remaining factors weigh in favor of denying Plaintiff's Motion to Toll Statute of Limitations. Accordingly, it is RECOMMENDED that Plaintiff's Motion to Toll Statute of Limitations be DENIED.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Motion to Toll Statute of Limitations be DENIED.

**IT IS SO ORDERED** this 24th day of July, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
